829 F.2d 37
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Charles F. YOUMANS, Defendant-Appellant,
 No. 86-5617
 United States Court of Appeals, Fourth Circuit.
 Argued April 10, 1987.
Decided September 11, 1987.
 
 David Paul McCann, for appellant.
 Dale L. DuTremble, Assistant United States Attorney (Vinton D. Lide, United States Attorney, on brief), for appellee.
 Before DONALD RUSSELL, ERVIN and CHAPMAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 The defendant/appellant Charles F. Youmans, Jr. appeals his conviction for conspiracy to commit bank and wire fraud in violation of 18 U.S.C. Secs. 371, 1343, 1344 and 2, on the ground that the trial judge erred in charging the jury the 'wilful blindness' charge.
 
 
 2
 Youmans, along with eight co-defendants, is alleged to have been engaged in a scheme to defraud certain lending institutions to obtain financing for mobile homes sold by Indigo Mobile Homes, Inc. (hereafter Indigo) by falsifying credit information. All of the defendants, except the appellant Youmans and two co-defendants, entered into plea agreements with the government. Youmans and his two co-defendants proceeded to trial. Youmans was found guilty and an active sentence was imposed. One of his co-defendants was found guilty and the other co-defendant was acquitted. Youmans is the only defendant appealing.
 
 
 3
 The Court charged the jury on wilful blindness as follows:
 
 
 4
 Now, in the connection with the burden the government has to prove the knowledge beyond a reasonable doubt, knowledge of a particular fact or knowledge of certain facts, such proof may be inferred, if you care to make the inference, from willful--what we call willful blindness by a defendant to the existence of a fact.
 
 
 5
 Now by the term willful blindness, I mean that the element of knowledge may be satisfied, if you care to give it--to make it, if you care to do so, from inferences drawn from proof that a defendant deliberately closed his or her eyes to what otherwise would have been obvious to her or to him. And in this connection, I charge you that the government must prove beyond a reasonable doubt that such defendant was actually aware of the high probability that the particular crimes were being committed. And they got to prove that the defendant consciously avoided learning the truth of what was being done and acted with a conscious purpose to avoid learning the truth of such activities.
 
 
 6
 The charge was given again to the jury in a supplemental charge. The appellant excepted to the charge on the ground that since he did not present a defense of lack of knowledge the charge did not apply to him, that it was prejudicial, and that it shifted the burden of proof to him.
 
 
 7
 The point of appellant Youman's appeal is that while the wilful blindness charge might have been applicable to one or more of his co-defendants, it was inapplicable to him because he did not claim lack of knowledge of wrongdoing. His contention was that the fraudulent scheme was already in effect when he was hired, that he was merely a salesman at Indigo, and simply followed the instructions of his superiors. He asked the district judge to instruct the jury that the instruction on wilful blindness did not apply to him. The district judge refused, saying that he was not going to instruct the jury that it applied to anybody or did not apply to anybody, and would not qualify his instruction. Since Youmans claims that he did not deny knowledge of the wrongdoing, it is difficult to see how the instruction whether applicable to him or not, could have been harmful to him, since the only result of application of the instruction in his case would be to establish a fact which he argues he had conceded. This the court recognized. Assuming that it was unnecessary to include the wilful blindness charge had the defendant Youmans been tried alone, the charge should perhaps not have been given. Nevertheless, we are unable to perceive any harm or prejudice suffered by Youmans by the use of the instruction, especially since the evidence of his participation in the scheme and his knowing involvement is clear beyond a reasonable doubt.[1] The trial judge feared his instructions on wilful blindness might have been confusing and prejudicial had he sought to say against which defendant the instruction applied and which defendant it did not apply. Under the facts of this case the wilful blindness charge was inappropriate as to the appellant Youmans (but not as to the other defendants) but the evidence of his guilt was overwhelming and the giving of the complained-of instruction was harmless, without prejudice to Youmans and had no probable effect upon the verdict against him.
 
 
 8
 The judgment of conviction is accordingly.
 
 
 9
 AFFIRMED.
 
 
 
 [1]
 The wilful blindness charge has been approved in this circuit in United States v. Martin, 773 F.2d 579, 584 (4th Cir. 1985)